21-891-cv
*Antrobus v. New York City Health and Hospitals Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of October, two thousand twenty-three.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> BETH ROBINSON,
> MARIA ARAÚJO KAHN,
> *Circuit Judges*.

---

JOANNE J. ANTROBUS,

> *Plaintiff-Appellant*,

> v.                                                                21-891

NEW YORK CITY HEALTH AND HOSPITALS CORPORATION,

> *Defendant-Appellee*,

DAVID CHEUNG, CLAUDIA CANOSA, MARIANNE I. MARCIAS, ANGELA TAYLOR, JASMIN WU,

> *Defendants*.

---

For Plaintiff-Appellant:                    VALDI LICUL, Wigdor LLP, New York, NY.

For Defendant-Appellee: REBECCA L. VISGAITIS, Of Counsel (Richard Dearing and Jane L. Gordon, Of Counsel, *on the brief*), *for* Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Failla, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Joanne Antrobus ("Appellant") appeals from a judgment of the United States District Court for the Southern District of New York (Failla, *J.*) dismissing her third amended complaint (the "Complaint") in its entirety. The Complaint alleges that Defendant-Appellee New York City Health and Hospitals Corporation ("Appellee") discriminated against Appellant on the basis of her age, retaliated against her for filing complaints to that effect, created a hostile work environment, and constructively discharged her in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). In a March 15, 2021 opinion and order, the district court concluded that each of Appellant's claims for age discrimination and some of her claims for retaliation were time-barred, and that her remaining, timely-pled claims were facially deficient. For the reasons set forth below, we affirm the district court's judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

We review *de novo* a dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), "accepting all factual allegations in the complaint as true and drawing all reasonable

2

inferences in the plaintiff's favor." *Tongue v. Sanofi*, 816 F.3d 199, 209 (2d Cir. 2016). This standard is well established. To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Chamberlain v. City of White Plains*, 960 F.3d 100, 105 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In "deferral" states such as New York, a plaintiff asserting claims under the ADEA must file a charge with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged unlawful practice. *See Hodge v. N.Y. Coll. of Podiatric Med.*, 157 F.3d 164, 166 (2d Cir. 1998). Here, Appellant alleges that she filed two complaints with the EEOC—one at some point in 2015 and another on February 19, 2019. She also asserts that she filed a complaint with Appellee's internal Equal Employment Opportunity ("EEO") office on March 29, 2016. As Appellant did not rely on her earlier EEOC complaint in the proceedings below, the district court found that any claim that accrued before April 25, 2018—300 days before the filing of the second EEOC complaint on February 19, 2019—was time-barred. We agree.

Appellant cannot now raise the argument that her 2015 EEOC complaint renders conduct that occurred in and before 2015, as well as in 2016, timely. Appellant did not raise this argument below and has therefore forfeited it. *Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is the general rule . . . that a federal appellate court does not consider an issue not passed upon below."); *Gindi v. N.Y.C. Dep't of Educ.*, 786 Fed. Appx. 280, 282 (2d Cir. 2019) (summary order) ("Arguments presented for the first time on appeal are generally forfeited, even in cases involving pro se litigants.").

We also agree with the district court's conclusion that Appellant has stated timely claims for retaliation following the filing of her 2019 EEOC complaint, creation of a hostile work environment, and constructive discharge. First, this Court has held that the ADEA's administrative exhaustion requirement is exempted "where the complaint is one alleging retaliation by an employer against an employee for filing an EEOC charge." *Terry v. Ashcroft*, 336 F.3d 128, 151 (2d Cir. 2003) (internal quotation marks and citation omitted). Appellant's post-February 19, 2019 retaliation claim makes such an allegation and is therefore timely. Second, Appellant's constructive discharge claim, which is predicated on Appellee's alleged retaliatory conduct after the 2019 EEOC complaint was filed, falls within the same exception to the administrative exhaustion requirement and is timely for substantially the same reason as the retaliation claim. Finally, the hostile work environment claim is timely under the continuing violation doctrine. Drawing all reasonable inferences in Appellant's favor, the Complaint plausibly alleges at least "one act contributing to the claim [that] occurred within the statutory period[,]" making this claim timely. *Patterson v. County of Oneida*, 375 F.3d 206, 220 (2d Cir. 2004).

Given that Appellant's hostile work environment claim is timely, "the entire time period of the hostile work environment may be considered by [the Court] for the purposes of determining liability." *Id.* The district court properly determined that Appellant's claims for retaliation postdating 2015 could be considered in evaluating the hostile work environment claim, but that her February 2011 retaliation claim and her failure-to-promote claims could not. The Complaint alleges a series of conduct that resulted in a hostile work environment: Appellee's initial retaliatory conduct following the complaints filed in 2015 and 2016, and Appellee's subsequent acts of retaliation after the 2019 EEOC charge was filed. While the claims for retaliation after 2015 are

4

allegedly part of the same "ongoing discriminatory polic[y] or practice[]," Appellant's remaining claims—for retaliation occurring in February 2011 and failure-to-promote—are not. *Cornwell v. Robinson*, 23 F.3d 694, 704 (2d Cir. 1994). As stated, those claims constitute "discrete discriminatory acts" which the continuing violation doctrine renders neither timely nor capable of consideration in conjunction with Appellant's timely hostile work environment claim. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

Finally, the district court correctly held that the timely-pled claims in the Complaint are facially deficient. First, the Complaint does not assert a timely claim for age discrimination. Appellant argues that, as with her failure-to-promote claims, the allegations in the Complaint concerning her decreased workload, less favorable assignments, deprivation of information critical to her job, isolation at work, and receipt of unsolicited inquiries about her retirement should be construed as stating a claim for age discrimination. But a plain reading of the Complaint, drawing all reasonable inferences in Appellant's favor, forecloses this argument. The Complaint explicitly attributes those changes to the filing of her EEOC complaints and labels them as retaliatory acts. While the Complaint refers to a "series of incidents" in which she was "discriminated against because of [her] age[,]" the subsequent paragraph makes clear that those incidents were the occasions in which she was denied a promotion or career advancement opportunity. A-155. Thus, the Complaint does not state a plausible age discrimination claim.

Second, the only timely claim for retaliation in the Complaint—concerning unsolicited retirement inquiries after the 2019 EEOC complaint was filed—is not adequately pled. As the district court found, Appellant's failure to allege that Appellee knew that her 2019 EEOC complaint had been filed is fatal to this claim. *See Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 465 (2d Cir. 1997) ("A *prima facie* case of retaliation under the ADEA requires proof that

5

. . . (2) the employer was aware of the plaintiff's participation in the protected activity . . . ."). Even assuming *arguendo* the adequacy of Appellant's pleading in this regard, the claim is deficient for another reason: inquiries about retirement, at least in the manner alleged by Appellant, do not constitute an adverse employment action. To the contrary, discussions about retirement are "a normal part of workplace dialogue between a supervisor and subordinate." *Boonmalert v. City of New York*, 721 Fed. Appx. 29, 32 (2d Cir. 2018) (summary order). Those conversations, then, should not ordinarily be considered "a materially adverse change in the terms and conditions of employment." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015). Without a properly stated adverse employment action, Appellant's retaliation claim fails. *See Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 303 n.6 (2d Cir. 2021) ("To establish a prima facie case of retaliation under the ADEA, a plaintiff must show . . . (3) an adverse employment action . . . .") (internal quotation marks and citation omitted).

Third, the hostile work environment claim, which is predicated on allegations of retaliatory conduct after Appellant filed complaints about Appellee's discriminatory practices, is likewise deficient. The factual allegations that can be considered in conjunction with this claim are that: (1) Appellant received fewer assignments, had assignments taken away from her, was denied access to critical information, and was isolated by her managers after filing her 2015 and 2016 complaints; and (2) Appellant was subjected to unsolicited inquiries about her retirement after filing the 2019 complaint. These claims, viewed collectively, do not state a plausible hostile work environment claim. Appellant has failed to allege, for example, which or how many assignments were kept or taken away from her, what type of information was withheld from her, how frequent those occurrences were, and whether her resulting workload was within the scope of her job duties. Without this type of detail, the allegations in the Complaint fail to adequately

6

assert an alteration in "the terms and conditions of [Appellant's] employment." *Alfano v. Costello*, 294 F.3d 365, 379 (2d Cir. 2002). The addition of Appellant's retirement-related allegations does not change that conclusion. These inquiries about Appellant's retirement, which is a normal topic of conversation between an employer and an employee and are not sufficiently alleged to have "discriminatory overtones" in this case, *id.*, were not "severe . . . enough to create an objectively hostile or abusive work environment." *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001). Taken as a whole, the allegations are not such that a reasonable person in Appellant's circumstances would believe that her workplace was "so severely permeated with discriminatory intimidation, ridicule, and insult that the terms and conditions of her employment were thereby altered." *Alfano*, 294 F.3d at 373. Accordingly, the hostile work environment claim also fails.

Finally, Appellant's failure to state a claim for hostile work environment necessarily renders her constructive discharge claim—which is predicated on the same allegations as the hostile work environment claim—unsuccessful. *See Fincher v. Depository Tr. & Clearing Corp.*, 604 F.3d 712, 725 (2d Cir. 2010) ("[The standard for constructive discharge] is higher than the standard for establishing a hostile work environment. Because [the plaintiff-appellant] failed to establish a hostile work environment, her claim of constructive discharge also fails.") (internal citation omitted).

Accordingly, the district court properly dismissed the Complaint in its entirety for failure to state a claim upon which relief can be granted.

\* \* \*

We have considered Appellant's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk